# EXHIBIT 2

Case 1:05-cv-00914-JJF   Document 21-15   Filed 01/12/2006   Page 1 of 5

*CAFA remand burden on P*
*no MDL stay b/c case not some*

**Westlaw.**

Slip Copy                                                                                                          Page 1

Slip Copy, 2005 WL 1799740 (W.D.Wash.)
(Cite as: Slip Copy)

C
Slip Copy, 2005 WL 1799740 (W.D.Wash.)
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
   United States District Court,W.D. Washington.
Robert K. WAITT, on his own behalf and on behalf
   of all individuals and entities similarly situated,
                        Plaintiff,
                           v.
   MERCK & COMPANY, INC., et al., Defendants.
                     No. C05-0759L.

                     July 27, 2005.

James J. Ragen, Richard Lawrence Martens, Martens-Ragen, Seattle, WA, for Plaintiff.
Douglas A. Hofmann, Jeffrey Royal Johnson, Williams Kastner & Gibbs, Andrew C. Gauen, Merrick Hofstedt & Lindsey, Seattle, WA, for Defendants.

ORDER REGARDING MOTION TO STAY AND MOTION TO REMAND

LASNIK, J.

                    I. Introduction

*1 This matter comes before the Court on defendant Merck and Company, Inc.'s ("Merck") "Motion to Stay Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation." In response, plaintiff filed an "Opposition to Motion to Stay and Cross-Motion to Remand for Lack of Subject Matter Jurisdiction." For the reasons set forth herein, the Court denies both Merck's motion to stay and plaintiff's request to remand.

                    II. Background

On April 6, 2005, plaintiff Robert Waitt filed a class action complaint in King County Superior Court. The complaint sets forth a number of causes of action for economic damages associated with the recall of the drug Vioxx. Specifically, the complaint alleges that Merck failed to reimburse plaintiff for the cost of his unused Vioxx, as promised, and subsequently refused to return the unused Vioxx to him. Merck, the drug's manufacturer, removed the matter to federal court pursuant to 28 U.S.C. §§ 1441 & 1332(d). Merck now moves to stay the case pending a decision from the Judicial Panel on Multidistrict Litigation ("JPML") as to whether this case is to be consolidated with those currently pending before Judge Fallon in the Eastern District of Louisiana. FN1 Plaintiff argues that this matter is not appropriate for consolidation and, accordingly, that a stay is not warranted. Moreover, plaintiff argues that removal was improper and moves to remand the matter to state court. Merck counters that this Court should not rule on plaintiff's motion to remand, contending that it is for the transferee court in Louisiana to consider. This Court disagrees. *See Tortola Restaurants v. Kimberly Clark Corp.,* 987 F.Supp. 1186, 1188 (N.D.Cal.1997) ("A putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed."). Consequently, the Court will first address plaintiff's motion to remand for lack of subject matter jurisdiction and then turn to Merck's motion to stay.

  FN1. Judge Fallon was selected by the JPML to preside over the great many cases filed around the nation that involve the health risks associated with Vioxx. On June 13, 2005, the JPML issued a Conditional Transfer Order ("CTO") that included this case. Plaintiff opposed the CTO, and the JPML's final decision on transfer is pending.

                    III. Discussion

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

http://print.westlaw.com/delivery.html?dest=atp&format=HTMLE&dataid=B0055800000...   9/12/2005

Slip Copy                                                                                                                          Page 2
Slip Copy, 2005 WL 1799740 (W.D.Wash.)
(Cite as: Slip Copy)

### A. Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction.

The resolution of issues raised by the motion to remand turns upon the recently enacted **Class Action Fairness Act** ("CAFA"), and specifically upon whether it places the burden of proof for the propriety of removal upon the plaintiff or the defendant. FN2 Plaintiff argues that CAFA does not modify the existing standard for remand because the statute itself is void of language providing for such modification. Merck counters that it was Congress' intent, as evidenced by CAFA's legislative history, to place the burden of showing that removal was improper upon the party moving for remand. Neither the Court nor the parties, as is evident from their briefing, could find published case law addressing this issue; the matter appears to be one of first impression in federal jurisprudence.

> FN2. As plaintiff points out in his cross-motion, the customary rule governing removal and remand provides that the party invoking federal jurisdiction bears the burden of demonstrating its existence, *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 104, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); any doubt as to the propriety of removal is resolved in favor of remand. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992). The issue before the Court, then, is essentially one of statutory construction (i.e., whether CAFA modifies the customary rule) rather than one predicated upon the traditional legal standard for remand.

In cases of statutory construction, the Court's task is to "interpret the words of the statute in light of the purposes Congress sought to serve." *Norfolk Redevelopment & Hous. Auth. v. Chesapeake & Potomac Tel. Co. of Va.,* 464 U.S. 30, 36, 104 S.Ct. 304, 78 L.Ed.2d 29 (1983). CAFA, which is codified at various places in Title 28 of the United States Code, effects its relevant changes upon 28 U.S.C. § 1332, colloquially known as the diversity jurisdiction statute. Regarding these changes, the Senate Committee on the Judiciary stated: "[o]verall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." S.Rep. No. 109-14, at 43 (2005). That is, CAFA is designed to permit federal courts to hear more interstate class actions and to relax the barriers facing defendants who seek to remove qualifying class actions to federal court. *See id.* at 5.

*2 With specific regard to removal and remand, plaintiff correctly points out that CAFA itself lacks burden-shifting language. However, notwithstanding the absence of explicit statutory provisions, it is not difficult to divine Congressional intent from CAFA's legislative history:

> Pursuant to new subsection 1332(d)(6), the claims of the individual class members in any class action shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000.... The Committee intends this subsection to be interpreted expansively. If a purported class action is removed pursuant to these jurisdictional provisions, the named plaintiff(s) should bear the burden of demonstrating that the removal was improvident (i.e., that the applicable jurisdictional requirements are not satisfied). And if a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case.

*Id.* at 42. The Senate Committee on the Judiciary also stated:

> It is the Committee's intention with regard to each of these exceptions that the party opposing federal jurisdiction shall have the burden of demonstrating the applicability of an exemption. Thus, if a plaintiff seeks to have a class action remanded under section 1332(d)(4)(A) on the ground that the primary defendants and two thirds or more of the class members are citizens of the home state, that plaintiff shall have the burden of demonstrating that these criteria are met by the lawsuit. Similarly, if a plaintiff seeks to have a

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                          Page 3

Slip Copy, 2005 WL 1799740 (W.D.Wash.)
(Cite as: Slip Copy)

purported class action remanded for lack of federal diversity jurisdiction under subsection 1332(d)(5)(B) ... that plaintiff should have the burden of demonstrating that 'all matters in controversy' do not 'in the aggregate exceed the sum or value of $5,000,000, exclusive of interest and costs' or that 'the number of all proposed plaintiff classes in the aggregate is less than 100.' *Id.* at 44; *see also id.* at 43 ("it is the intent of the Committee that the named plaintiff(s) should bear the burden of demonstrating that a case should be remanded to state court (e.g., the burden of demonstrating that more than two-thirds of the proposed class members are citizens of the forum state)."). FN3

> FN3. Plaintiff's claims that the Report of the Senate Committee on the Judiciary is "cryptic" and requires a "strained process of deduction" are not well-founded. *See* Reply at 5.

Based on the foregoing legislative history, the Court holds that Merck's reading of CAFA is the correct one and that it is plaintiff's responsibility to demonstrate that removal from state court was improvident. *See, e.g.,* Michael J. Mueller & Tobias E. Zimmerman, *The Brave New World of Removal Practice Under the Class Action Fairness Act*, 12 No. 3 Andrews Class Action Litig. Rep. 18 at p. 25 (2005) ("[Courts can] find support in [CAFA's] ... legislative history that indicates that Congress intended to place the burden on the opponent of federal jurisdiction. It is entirely plausible that courts will develop a new test whereby, once a defendant has proven diversity of parties under Section 1332(d)(2), the burden will then fall on the plaintiffs to show that remand is nonetheless warranted"). Plaintiff's lone attempt to discharge this burden is to argue that he has made a prima facie showing that his damages do not meet the $5,000,000 amount in controversy requirement contained in 28 U.S.C. § 1332(d). Reply at 3 (claiming damages in the amount of $76.27). However, plaintiff's reply fails to include any of the economic damages suffered by the nationwide class he purportedly represents and similarly fails to mention that his complaint requests treble and/or punitive damages. In short, plaintiff has not met his burden; it follows that remand to state court in inappropriate.

### B. Merck's Motion to Stay.

*3 Merck contends that the Court should stay the proceedings because: (1) the present suit involves facts similar to those in the cases consolidated in Louisiana; and (2) it will save judicial resources and avoid conflicting rulings. The significance of Merck's second contention, however, is contingent upon the truth of the first. That is, there is no risk of conflicting rulings or inefficient use of resources when the issues being litigated are factually distinct. Despite Merck's efforts to paint plaintiff's complaint as akin to those pending before Judge Fallon, and therefore a likely "tag-along action" under 28 U.S.C. § 1407, the fact of the matter is that they are quite different.

The Rules of Procedure of the JPML define a "tag-along action" as one "involving common questions of fact with actions previously transferred under Section 1407." 199 F.R.D. 425 (2001). According to the JPML's Transfer Order, the questions of fact before Judge Ellon in the Eastern District of Louisiana all involve the alleged health risks associated with Vioxx. *See* Hoffman Decl., Ex. A (stating that the consolidation of certain Vioxx cases in Louisiana is warranted under 28 U.S.C. § 1407 because "[a]ll actions focus on the alleged increased health risks ... when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers."). Therefore, if plaintiff's complaint contained allegations of personal or bodily injury, or made claims for damages based on health risks or product liability, the Court would likely stay the present proceedings pending a transfer decision by the JPML. The complaint does not, however, allege health risks, nor does it allege that Merck knew of the risks and failed to disclose them. Rather, it alleges purely economic damages and contains five clear causes of action in connection with the Vioxx recall: breach of contract, common law negligence, negligent misrepresentation,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                          Page 4

Slip Copy, 2005 WL 1799740 (W.D.Wash.)
**(Cite as: Slip Copy)**

injunctive/equitable/declaratory relief, and violation of the Consumer Protection Act. Based on the current record, it appears that these causes of action do not involve common questions of fact with those cases consolidated in the Eastern District of Louisiana. Accordingly, a stay is inappropriate.



stay inappropriate b/c no common ? of fact

### IV. Conclusion

For all of the foregoing reasons, it is hereby ORDERED that Merck's motion to stay the proceedings (Dkt.# 10) be DENIED. Plaintiff's cross-motion to remand for lack of subject matter jurisdiction (Dkt.# 17) is also DENIED. FN4

> FN4. The Court GRANTS Merck's unopposed motion to file a surreply (Dkt.# 24) and has considered the surreply.

W.D.Wash.,2005.
Waitt v. Merck & Co., Inc.
Slip Copy, 2005 WL 1799740 (W.D.Wash.)

Briefs and Other Related Documents (Back to top)

• 2005 WL 1321074 (Trial Pleading) Answer and Affirmative Plaintiff, Defenses of Defendant Merck & Co., Inc (Apr. 26, 2005)
• 2:05cv00759 (Docket) (Apr. 21, 2005)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.