**VIRGINIA STRONG, Plaintiff, v. MERCK & COMPANY, INC. and DOES 1-100, Defendants.**

No. C 04-5062 MHP

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

*2005 U.S. Dist. LEXIS 2413*

February 17, 2005, Decided
February 18, 2005, Filed

**DISPOSITION:** Defendant's motion to stay and plaintiff's motion to remand DENIED. Further proceedings in this action STAYED pending the MDL Panel's ruling on defendant's motion to transfer.

**LexisNexis(R) Headnotes**

**COUNSEL:** [*1] For Virginia Strong, Plaintiff: Robert W. Mills, Harry Shulman, The Mills Law Firm, San Rafael, CA.

For Merck & Co., Inc., Defendant: Michael Kevin Brown, Reed Smith Crosby Heafey LLP, Los Angeles, CA; Thomas Joonyul Yoo, Reed Smith LLP, Los Angeles, CA; Steven J. Boranian, Reed Smith LLP, San Francisco, CA.

**JUDGES:** MARILYN HALL PATEL, District Judge.

**OPINIONBY:** MARILYN HALL PATEL

**OPINION:**

### MEMORANDUM AND ORDER

Re: Plaintiff's Motion to Remand; Defendant's Motion to Stay

Plaintiff Virginia Strong filed this class action in San Francisco County Superior Court seeking damages, restitution, attorneys' fees, and costs of suit. In her state court complaint, plaintiff alleged that she and similarly situated plaintiffs suffered personal injury as a result of ingesting Vioxx, a drug manufactured by defendant Merck & Company. On November 30, 2004, defendant removed plaintiff's state court action to this court, asserting jurisdiction based on diversity of citizenship. See *28 U.S.C. § § 1332, 1441*. Now before the court is plaintiff's motion to remand this action to state court. In addition, having moved pursuant to *28 U.S.C. § 1407* to transfer [*2] this action for the purpose of coordinating pretrial proceedings with other pending Vioxx-related suits, defendant now moves to stay proceedings in this court until the Judicial Panel on Multidistrict Litigation ("MDL Panel") rules on its motion to transfer. Having considered the parties' arguments and for the reasons stated below, the court enters the following memorandum and order.

### BACKGROUND

Defendant Merck & Company is a pharmaceutical company incorporated in the state of New Jersey and having its principal place of business in that state. Pl.'s Compl. P 3. In 1999, defendant received Food and Drug Administration ("FDA") approval to manufacture and market Vioxx, a non-steroidal anti-inflammatory drug. Id. P 8. The drug was made available to the public later that year, and defendant continued to manufacture and market Vioxx through September 30, 2004. Id. PP 8, 13. Three days prior to that date, defendant disclosed the results of the "APPROVe study," a clinical trial designed to evaluate the efficacy of Vioxx in preventing the recurrence of colorectal polyps. Id. P 13; see also Boranian Decl. P 2. The APRROVe study revealed an increased risk of cardiovascular [*3] events in patients taking Vioxx when compared with those taking the placebo. Id. In response to these findings, defendant suspended all sales of Vioxx. Id.

Plaintiff Virginia Strong is a California citizen who began taking Vioxx at some time during the year 2000. Pl.'s Compl. PP 1-2. In March 2002, plaintiff suffered a thrombotic event that caused her to lose sight in one eye, an injury that she now claims was caused by ingesting Vioxx. Id. On November 2, 2004, plaintiff filed an action against Merck in San Francisco County Superior Court. Plaintiff's state court complaint asserted causes of action for unfair competition in violation of *California Business and Professions Code § 17200*, false advertising in violation of *California Business and Professions Code § 17500*, and breach of the implied warranties of fitness and merchantability in violation of the California Commercial Code. In addition, the complaint sought certification of a class of plaintiffs consisting of all California

Case 1:05-cv-00914-JJF    Document 21-20    Filed 01/12/2006    Page 2 of 2

2005 U.S. Dist. LEXIS 2413, *                                                                                        Page 2

residents who purchased and ingested Vioxx in the preceding four years.

On November 30, 2000, plaintiff's state court complaint was [*4] timely removed to this court on the basis of diversity of the parties and is now one of more than 100 Vioxx-related actions pending in the federal courts. Seeking to coordinate pretrial proceedings in these actions, defendant had previously moved pursuant to 28 U.S.C. § 1407 to transfer all Vioxx-related cases to a single district. Boranian Decl. P 4. On November 22, 2004, defendant amended its motion to transfer to reflect the fact that this action was among the seventy-nine Vioxx-related cases filed since October 22, 2004, the date of its original motion. Defendant's amended motion is currently pending before the MDL Panel. Id. PP 4-5.

On December 14, 2004, plaintiff moved to remand this action to state court, asserting that this court lacks subject matter jurisdiction under 28 U.S.C. § 1332 and § 1441. Defendant opposes this motion and moves to stay proceedings pending the MDL Panel's ruling on its motion to transfer. The following memorandum and order addresses both of the parties' motions.

LEGAL STANDARD

As a general rule, an action is removable to a federal court only if it might have been brought there originally. [*5] 28 U.S.C. § 1441(a). The removal statute is strictly construed, and the court must reject federal jurisdiction if there is any doubt as to whether removal was proper. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The defendant bears the burden of proving the propriety of removal. Id. (citing Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994)). Thus, where removal jurisdiction is premised upon diversity of citizenship, the defendant must establish that the court would have had original jurisdiction over the action pursuant to 28 U.S.C. § 1332, which grants district courts the authority to entertain any civil action "where the amount in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). In determining whether these requirements have been met, "the status of the case as disclosed by the plaintiff's complaint is controlling." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291, 82 L. Ed. 845, 58 S. Ct. 586 (1938).

DISCUSSION

I. [*6] Defendant's Motion to Stay

Before entertaining plaintiff's motion to remand, the court must consider defendant's request to stay this action while its motion to transfer is pending before the MDL Panel. Defendant concedes that the decision as to whether to reach the merits of plaintiff's motion is left to the court's discretion. See, e.g., Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 806, 809 (N.D. Cal. 1998) (Wilken, J.). As MDL Panel Rule of Procedure 1.5 makes clear, the filing of a motion to transfer an action before the panel "does not in any way limit the pretrial jurisdiction" of the district court in which that action is pending. MDL Rule 1.5. Thus, the court must consider whether it should exercise its inherent power to stay proceedings in the interest of judicial economy. See, e.g., Landis v. North Am. Co., 299 U.S. 248, 254, 81 L. Ed. 153, 57 S. Ct. 163 (1936).

In exercising this discretion, the court is informed by the intent of the statute authorizing the coordination of pretrial proceedings by the MDL Panel, which is directed toward promoting "the just and efficient conduct' of the actions transferred." In re Ivy, 901 F.2d 7, 9 (2d Cir. 1990) [*7] (quoting H.R. Rep. No. 1130, 90th Cong., 2d Sess. (1968)). Consequently, deference to the MDL court for resolution of a motion to remand is often appropriate, as it "provides the opportunity for the uniformity, consistency, and predictably in litigation that underlies the MDL system." Conroy v. Fresh Del Monte Produce, Inc., 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004) (Armstrong, J.) (citing 28 U.S.C. § 1407; Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360-61 (C.D. Cal. 1997)). Nonetheless, there are many cases in which a motion to remand will raise questions of fact or law that would not otherwise arise in the proceedings before the MDL court. See, e.g., Greene v. Wyeth, 344 F. Supp. 2d 674, 678-79 (D. Nev. 2004); In re Massachusetts Diet Drug Litig., 338 F. Supp. 2d 198, 201 (D. Mass. 2004); Conroy, 325 F. Supp. 2d at 1054. In such cases, the interest of judicial economy is best served by denying the motion to stay and adjudicating the motion to remand in the court in which the action is pending. See Greene, 344 F. Supp. 2d at 679 (declining to enter a [*8] stay and reaching the merits of the plaintiffs' motion to remand); Massachusetts Diet Drug Litig., 338 F. Supp. 2d at 201 (same); Conroy, 325 F. Supp. 2d at 1054 (same).

While there is no fixed formula for deciding whether a stay is appropriate, this court's recent opinion in Conroy found the procedure set forth in Meyers v. Bayer AG, 143 F. Supp 2d 1044 (E.D. Wis. 2001), "helpful" in its analysis. Conroy, 325 F. Supp. 2d at 1053. While Conroy describes this procedure as "three-step approach," id., in fact the approach boils down to two factors that a court must consider before deferring to the MDL court for resolution of a pending motion to remand. First, the court should consider whether the jurisdictional issue appears "factually or legally difficult." Id. If so, the court should look to the second factor and determine whether "identical or similar jurisdictional issues have been