# EXHIBIT B

Westlaw.

Slip Copy

Page 1

Slip Copy, 2005 WL 1700905 (W.D.Tenn.)

(Cite as: 2005 WL 1700905 (W.D.Tenn.))

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
W.D. Tennessee, Eastern Division.
Sylvia L. STUDARD and husband, William J. Studard, Sr., Plaintiffs,
v.
MERCK & CO., INC., et al., Defendants.
No. 05-1184-T/AN.

July 19, 2005.

ORDER GRANTING MOTION TO STAY

TODD, J.

*1 Plaintiffs Sylvia L. Studard and William J. Studard, Sr., filed this action in the Circuit Court of Crockett County, Tennessee, on May 27, 2005, against Merck and Company, Inc., maker of the prescription drug known as Vioxx. Plaintiffs also named as defendants certain local Merck sales representatives and pharmacists. Merck removed the action to this Court on July 1, 2005, on the basis of diversity of citizenship, contending that the non-diverse defendants were fraudulently joined in an attempt to defeat diversity jurisdiction.

Also on July 1, 2005, Merck filed a motion to stay all further proceedings pending a decision by the Judicial Panel on Multidistrict Litigation ("MDL Panel") on whether this case should be transferred to the United States District Court for the Eastern District of Louisiana as a "tag-along" action in MDL Proceeding No. 1657, *In re Vioxx Product Liability Litigation.* Plaintiffs filed a motion to remand the action to state court on July 15, 2005.

The MDL Panel issued the first Transfer Order establishing MDL-1657 on February 16, 2005. In that order, the Panel stated:

> The pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings. We note that motions to remand in two actions, one action each in the District of Kansas and the Eastern District of Missouri, as well as in any other MDL-1657 actions can be presented to and decided by the transferee judge. *See, e.g., In re Ivy,* 901 F.2d 7 (2d Cir.1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (J.P.M.L.2001).

Transfer Order, at 2 (J.P.M.L. Feb. 16, 2005).

The pendency of transfer to the MDL proceeding does not limit the authority of this Court to rule on the plaintiffs' motion to remand. *See* JPML R. 1.5. The decision whether to grant a stay is within the inherent power of the Court and is discretionary. *See Landis v. North Am. Co.,* 299 U.S. 248, 254-55 (1936). Although some courts have opted to rule on pending motions to remand prior to the MDL Panel's decision on transfer, *see, e.g., Kantner v. Merck & Co., Inc.,* No. 1:04CV2044-JDT-TAB, 2005 WL 277688 (S.D.Ind. Jan. 26, 2005), there are many more that have chosen to grant a stay, even if a motion to remand has been filed. *E.g., Anderson v. Merck & Co., Inc.,* No. 4:05-cv-89 (E.D.Mo. Mar. 16, 2005); *McCrerey v. Merck & Co., Inc.,* No. 04-cv-2576 (S.D.Cal. Mar. 2, 2005); *Dixon v. Merck & Co., Inc.,* No. 05-0121 (S.D.Tex. Feb. 23, 2005).

There are several other Vioxx cases already pending in this district, and possibly thousands more in other districts. In many of those cases, the joinder of non-diverse defendants is contested and motions to remand have been or will be filed. Thus, the jurisdictional issues raised in this case are similar to those raised in other cases that have been or will be transferred to the MDL proceeding.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                           Page 2

Slip Copy, 2005 WL 1700905 (W.D.Tenn.)

**(Cite as: 2005 WL 1700905 (W.D.Tenn.))**

*2 The Court finds that having the jurisdictional issues decided in one proceeding will promote judicial economy and conserve judicial resources. In addition, the Court finds that any prejudice to the plaintiffs resulting from a stay would be minimal. However, in the absence of a stay, the risk to Merck of duplicative motions and discovery is significant.

For the foregoing reasons, Merck's motion to stay pending the MDL Panel's transfer decision is GRANTED. The motion to remand is deferred to the transferee court.

IT IS SO ORDERED.

Slip Copy, 2005 WL 1700905 (W.D.Tenn.)

**Motions, Pleadings and Filings (Back to top)**

- 1:05cv01184 (Docket)
                                (Jul. 01, 2005)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.