# EXHIBIT C

**Westlaw.**

Not Reported in F.Supp.2d

Page 1

Not Reported in F.Supp.2d, 2001 WL 34048067 (W.D.Tenn.)

**(Cite as: 2001 WL 34048067 (W.D.Tenn.))**

C

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
W.D. Tennessee, Western Division.
J.C. JACKSON, Deceased, by and through his next Friend and Wife, Deather
Jackson and Deather Jackson, Individually; Shearon Harvey; and Jimmie Cruse,
Jr., Plaintiffs,
v.
JOHNSON & JOHNSON, INC., and Janssen Pharmaceutica, Inc., a Subsidiary of
Johnson & Johnson, Inc., Defendants.
No. 01-2113 DA.

April 3, 2001.

ORDER PROVISIONALLY DENYING PLAINTIFFS' MOTION FOR REMAND AND TRANSFERRING CASE
AND DENYING PLAINTIFFS' MOTION FOR SANCTIONS

DONALD, J.

*1 The Plaintiffs initiated a Complaint against Defendants Johnson & Johnson, Inc., Janssen Pharmaceutica, Inc. ("Janssen") a subsidiary of Johnson & Johnson (incorrectly named as Johnson & Johnson, Inc.), Kenneth Harris, M.D., and Freds, Inc. in the Circuit Court of Shelby County, Tennessee, on or about August 15, 2000. On September 15, 2000, Defendants filed a Notice of Removal, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332, removing this action to the United States District Court for the Western District of Tennessee, Western Division. (*See* Notice of Removal). Removal was based on diversity of citizenship. On November 22, 2000, this Court granted Plaintiffs' Motion for Remand and this case was sent back to the Circuit Court of Shelby County, Tennessee. On December 5, 2000, Kenneth Harris was voluntarily dismissed from this action. On February 9, 2001, Defendants Fred's Inc. and Fred's Stores of Tennessee, Inc. were also dismissed from this lawsuit. On February 12, 2001, Defendants Johnson & Johnson, Inc. and Janssen Pharmaceutica, Inc., a subsidiary of Johnson & Johnson, Inc. filed an amended notice of removal, removing this action to the United States District Court for the Western District of Tennessee, Western Division. Plaintiffs now respectfully move the Court to remand this action to the Circuit Court of Shelby County, Tennessee, on the basis that this action was improperly removed pursuant to 28 U.S.C. § 1332. Plaintiffs argue that nothing has changed since the court's prior order remanding the case, except that now the case has been identified as a tag-along case by the MDL panel. For the reasons stated herein, Plaintiffs Motion for Remand is provisionally denied and Plaintiffs Motion for Sanctions is denied.

I. Background Facts

This matter involves a class action complaint filed by the named Plaintiffs on behalf of all persons in the State of Tennessee who have taken a drug known as Propulsid. Propulsid is prescribed for heartburn relief. This drug was manufactured and distributed by Johnson & Johnson, and its subsidiary, Janssen, on a nationwide basis. The drug was distributed locally by Defendant Freds, Inc., a Tennessee corporation. The Plaintiffs allege that this drug was manufactured, marketed, and sold when the Defendants knew or should have known that the drug causes serious side effects including irregular heart beats and heart disease.

The relief sought consists of equitable relief in the form of medical monitoring and updated product

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

information for those who used the drug. Plaintiffs further seek reimbursement of all sums paid for the drug by themselves and other members of the class. There is no prayer for relief in the form of damages for personal injury such as disability and pain and suffering. There is no specific monetary claim for relief.

II. Standard of Law

A case originally filed in state court may be removed to federal court pursuant to 28 U.S.C. § 1441. Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." If an action is removed, a federal court only may hear the case if the court has subject matter jurisdiction. 28 U.S.C. § 1441.

*2 The removing party carries the burden of showing that removal is proper because the federal court has original jurisdiction to hear the case. *See Pullman v. Jenkins*, 305 U.S. 534, 540 (1939); *Her Majesty the Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir.1989). Any doubt as to whether the removal is proper should be resolved in favor of remand to state court. *See* 28 U.S.C. § 1447(c); *see also Union Planters Nat'l Bank v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir.1977).

III. Analysis

A. *Amount in Controversy--Individual Claims May not be Aggregated*

In order to establish federal diversity jurisdiction, the amount in controversy must exceed $75,000 pursuant to 28 U.S.C. § 1332. In this case, Plaintiffs assert a class action on behalf of all Tennessee residents who were either prescribed, purchased, and/or ingested the drug Propulsid. Plaintiffs argue that in class action lawsuits the claims of all class members must exceed the jurisdictional amount and the separate and distinct claims of class members cannot be aggregated to satisfy the jurisdictional amount. *See Zahn v. Int'l Paper Co.*, 414 U.S. 291, 38 L.Ed.2d 511, 94 S.Ct. 505 (1973); *Amen v. City of Dearborn*, 532 F.2d 544 (6th Cir.1973).

On February 9, 2001, the Plaintiffs' Complaint was certified as a class action by the Circuit Court for the Thirtieth Judicial District at Memphis.

The burden is on the Defendants as removing parties to establish that the amount in controversy exceeds the jurisdictional limit, and Defendants must set forth specific facts to meet their burden. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150 (6th Cir.1993); *Thompson v. Fritsch*, 966 F.Supp. 543 (D.C.Mich.1997).

The Defendants aver that changed circumstances cause the Plaintiffs' claims to satisfy the amount in controversy requirement. (Memo. in Support of Defs.' Response to Plaintiffs' Motion to Remand and for Sanctions, at 2). Defendants maintain that this case is one of the large number of cases pending throughout the country concerning Propulsid. All of the federal cases have been or are being transferred by the Judicial Panel on Multidistrict Litigation ("JPMDL") to the Propulsid Multidistrict Litigation ("MDL"), currently pending in the Eastern District of Louisiana. *See In re Propulsid® Products Liability Lit.*, MDL No. 1355. The case before this Court has been marked as a potential tag-along action. *See* Exh. 1, Schedule A(25) Potential Tag-Along Actions.

This Court notes that should the case be transferred to the MDL panel, the judge who will be addressing the jurisdictional issues in the other Propulsid® cases is a proper authority to decide this motion. Federal Courts routinely defer ruling on pending motions to remand in MDL litigation until after the JPMDL has transferred the case to the MDL Court. For example, in *In re Ivy*, 901 F.2d 7, 8 (2nd Cir.1990), the petitioners filed an action in State Court for injuries allegedly sustained from exposure to Agent Orange. The Defendants removed the case to Federal Court and requested the MDL Panel to transfer the case from Federal Court in Texas to New York for consolidated or coordinated pretrial proceedings in the MDL Agent Orange litigation

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                          Page 3

Not Reported in F.Supp.2d, 2001 WL 34048067 (W.D.Tenn.)

**(Cite as: 2001 WL 34048067 (W.D.Tenn.))**

pending in New York. The Panel issued a Conditional Transfer Order. (Memo. in Support of Defs.' Response to Plaintiffs' Motion to remand and for Sanctions, at 5).

*3 The Petitioners moved the Texas Federal Court to remand the action to State Court. The district court, however, declined to rule on the remand motion, stating that it would defer to the decision of the MDL panel. *In re Ivy,* 901 F.2d 7, 8 (2nd Cir.1990). The MDL Panel specifically noted that the motion to remand could be decided by the transferee judge in New York. Although the Petitioners argued that removal was improper because the Federal Court lacked subject matter jurisdiction, the Court held that transfer was proper. *Id.* at 9. The Court noted that "[t]he jurisdictional issue in question is easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation." *Id.* Because the jurisdictional objections could be resolved by a single Court and reviewed at the appellate level, "[c]onsistency as well as economy is thus served." *Id.* The Court ultimately held that the MDL Panel has jurisdiction to transfer a case even though a jurisdictional objection is pending in District Court. *See id. See also, In re Practice of Naturopathy Litig.,* MDL No. 284 (holding that transfer was not premature even though the Defendants desired to challenge jurisdiction). Thus, this Court has the authority to transfer this case to the MDL in Louisiana and defer making a decision on Plaintiffs' motion to remand.

B. *Defendants Need Only Show That it is More Likely Than Not That Plaintiffs' Claims Will Meet the Amount in Controversy Requirement*

There is no dispute that diversity exists between the parties in this matter. In order to remove the case to Federal Court; therefore, the Defendants need only show that it is more likely than not that the Plaintiffs' claims will exceed $75,000. The Plaintiffs contend that they are solely seeking injunctive relief in the form of medical monitoring. Plaintiffs have also filed a stipulation that two of the four Plaintiffs will not seek damages in excess of $75,000.

Tennessee Rule of Civil Procedure 54.03 states that, except in cases of default, "every final judgment shall grant relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." Because the Plaintiffs may recover more than the medical monitoring requested in the petition, the Defendants need only show that it is more likely than not that the Plaintiffs' claims will meet the amount in controversy requirement. *See Rogers v. Wal-Mart Stores, Inc.,* 230 F.3d 868, 871 (6th Cir.2000) (applying Tenn. R. Civ. P. 54.03), citing *Gafford v. Gen. Elec. Co.,* 997 F.2d 150, 158 (6th Cir.1993). This rule is particularly applicable in the case at bar because the Plaintiffs have specifically requested "such other extraordinary, declaratory and/or injunctive relief as permitted by law" and "such further relief as this Court deems necessary, just, and proper." (Plas.' Petition for Med. Mon. Class and for Reimbursement, at 11, ¶ ¶ 6-7).

*4 The Plaintiffs have filed a stipulation that the claims of Plaintiffs, Shearon Harvey ("Harvey") and Jimmie Cruse, Jr. ("Cruse"), do not exceed the jurisdictional limit. More importantly, Mrs. Jackson has not so stipulated, and she has alleged that Propulsid® contributed to her husband's death. The stipulation of Harvey and Cruse appears to be illusory based on Tennessee Rule of Civil Procedure 54.03. The Plaintiffs may recover more than $75,000 even though they stipulated that their claims will not exceed the jurisdictional limit. Furthermore, because the Plaintiffs have requested open-ended relief, the Plaintiffs are not precluded from recovering more than $75,000. (Plas.' Petition, at 6).

Although the Plaintiffs claim in the Motion to Remand that the only relief sought is medical testing, the Petition and the Memorandum in Support of Motion for Class Certification demonstrate that the relief sought is not solely for medical monitoring. As noted above, the Plaintiffs seek, inter alia, the following in their prayer for relief: (1) medical monitoring according to proof; (2) injunctive and equitable relief; (3) pre-judgment and post-judgment interest as provided by law; (4)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 2001 WL 34048067 (W.D.Tenn.)

**(Cite as: 2001 WL 34048067 (W.D.Tenn.))**

attorneys' fees, expenses, and costs of this action; and (5) an Order that Defendants pay restitution of all sums expended on this medication.

The named Plaintiffs' claims demonstrate that the Plaintiffs meet the amount in controversy requirement. The Petition for Class Action sets forth four Plaintiffs. One of the Plaintiffs, J.C. Jackson, is deceased. He cannot be asserting a claim for medical monitoring. The only claim J.C. Jackson has is for wrongful death. Deather Jackson brought this wrongful death action as the representative of her husband. (*See* Plaintiffs' Petition, at 2). This claim is referenced in the Plaintiffs' Petition in which they bring an action on behalf of a "serious injury subclass". That proposed class consists of "all persons who have developed or will [develop] serious injury or death as a result of using this drug." *Id.* at 6. This allegation of a serious injury subclass demonstrates that the Plaintiffs intend to seek damages in excess of $75,000. This Court notes that if the Plaintiffs truly intended to only seek medical monitoring, there would be no reason to include this subclass for those individuals who were allegedly seriously injured.

The Plaintiffs allege in their Memorandum in Support of Motion for Certification that the Defendants failed to warn of the dangers associated with Propulsid®. Significantly, the Plaintiffs have noted in their Memorandum that "[w]ithout class certification, few, if any, consumers would ever recover payment for their injuries". (*See* Plaintiffs' Memorandum, at 5). This statement by the Plaintiffs indicates their incongruent positions. They claim that they are seeking only injunctive relief, but they want class certification in order to allow consumers to recover payment for their injuries. Payment for injuries is certainly inconsistent with a claim strictly for medical monitoring. Thus, Defendants have established a *prima facie* case concerning the amount in controversy requirement.

C. *Individual Plaintiffs not Required to Satisfy the Jurisdictional Amount in Controversy*

*5 The specific issue before the Court is whether the individual claims for injunctive relief, in the context of a medical monitoring class action, must exceed the jurisdictional amount. A case which addresses money damages, therefore, simply cannot be compared to a case which alleges strictly medical monitoring. [FN1]

> FN1. For example, *Sellers v. O'Connell*, 701 F.2d 575 (6th Cir.1983) involved a claim for money damages. In *Sellers*, the Court specifically stated that "[w]here a group of Plaintiffs litigate individual cash claims the amount of which remain unaffected by the results obtained by fellow Plaintiffs, the litigants may not aggregate their claims when alleging jurisdiction." *Sellers*, 701 F.2d at 579. This clearly applies to a situation in which money damages are involved. The reasoning in *Sellers*, therefore, does not apply to a claim for an injunction.

According to Sixth Circuit precedent, for an injunction action, "the amount in controversy is not the amount the plaintiff might recover at law, but rather the value of the right to be protected or the extent of the injury to be prevented." *See Goldsmith v. Sutherland*, 426 F.2d 1395, 1398 (6th Cir.1970) (citations omitted). Whether this Court considers the value of the right to be protected or the extent of the injury to be prevented, the Plaintiffs claims exceed the jurisdictional requirement.

In this situation, the "value of the right to be protected" (the medical monitoring) appears to exceed the jurisdictional amount. Although Defendants vigorously dispute that any monitoring is required, or that those who previously took Propulsid® without incident are currently at increased risk of harm, the fact remains that if the Defendants were required to establish such a periodic medical monitoring program, the clerical and administrative costs of such a program alone would certainly exceed $75,000. (Memo. in Support of Defs.' Response to Plaintiffs' Motion to Remand and for Sanctions, at 13).

Because a claim for medical monitoring is such a

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                              Page 5

Not Reported in F.Supp.2d, 2001 WL 34048067 (W.D.Tenn.)

**(Cite as: 2001 WL 34048067 (W.D.Tenn.))**

unique cause of action, the Court will consider similar cases. Three cases which specifically address the amount in controversy requirement in a medical monitoring context are *Gibbs v. DuPont Dnemours & Co., Inc.*, 876 F.Supp. 475 (W.D.N.Y.1995), *Katz v. Warner-Lambert Co.*, 9 F.Supp.2d 363 (S.D.N.Y.1998), and *In re Diet Drugs Products Liab. Litig.*, 1999 WL 673066 (E.D.Pa.). In *Gibbs*, employees of Goodyear Tire & Rubber Co. brought suit alleging that they were exposed to dangerous chemical compounds. Plaintiffs moved to certify a class for individuals who had not been diagnosed with bladder cancer. None of the named Plaintiffs had made claim for any present physical injury. *See Gibbs*, 876 F.Supp. at 476-477. The Plaintiffs sought injunctive relief in the form of a Court administered fund which would cover the cost of a medical monitoring program for bladder cancer for the lifetime of the class members. *See id.* at 477. The Court noted that if the Plaintiffs had been seeking monetary damages, they would be precluded from aggregating their claims in order to obtain federal jurisdiction. The Plaintiffs, however, were seeking injunctive relief in the form of the medical monitoring program. The amount in controversy, therefore, was measured by the value of the object of litigation. *See id.* at 479, citing *Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333, 346-47, 97 S.Ct. 2434, 2443-44, 53 L.Ed.2d 383 (1977). The Court noted that "[t]he value of the medical monitoring program sought by Plaintiffs is well in excess of $50,000.00, [FN2] even using Defendants' figures." *Gibbs*, 876 F.Supp. at 479. The Court held, therefore, that "the jurisdictional amount in controversy need not be met by the individual Plaintiffs." *Id.* Thus, the jurisdictional amount in controversy need not be met by the individual Plaintiffs in the present action because the value of the medical monitoring program is well in excess of $75,000. [FN3] Accordingly, Plaintiffs' Motion for Remand for failure to satisfy the jurisdictional amount is denied.

> FN2. The *Gibbs* case was decided when the amount in controversy requirement was $50,000.

> FN3. Defendant contends that the Court

should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Supplemental jurisdiction is permitted as long as it is shown that one Plaintiff will meet the jurisdictional amount. *In re Brand Name Prescription Drugs*, 123 F.3d 599 (7th Cir.1997) specifically held as follows:

At least one named plaintiff must satisfy the jurisdictional minimum. If he does, the other named Plaintiffs and the unnamed class members can, by virtue of the supplemental jurisdiction conferred on the Federal District Courts by 28 U.S.C. § 1367, piggyback on the Plaintiffs' claims. That is, they remain Plaintiffs, or unnamed members of the class, as the case may be, even though their own claims are for less than the jurisdictional minimum amount.
*Id.* at 607.

Significantly, the Sixth Circuit has not addressed the issue of whether 28 U.S.C. § 1367 legislatively overrules *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 94 S.Ct. 505 (1973), which held that in diversity class action cases, the claim of each class member must meet the amount in controversy requirement. Thus, this Court will abstain from ruling on this issue.

D. *Motion for Remand*

*6 In the instant case, the Court has reached a result on the issue of remand different from the result reached in the Court's Order of November 22, 2000. The Court's rationale is based on the fact that this case has now been identified as a tag-along case by the MDL panel. *See Jackson v. Johnson & Johnson et al.*, Civil Action No. 00-2862-D (W.D.Tenn., W.Div.), complaint filed on August 15, 2000, notice of removal filed September 15, 2000. This Court maintains that should this case be transferred to the MDL panel, the judge assigned to address the jurisdictional issues in the other cases is a proper authority to decide the remand motion as well.

The general rule is for federal courts to defer ruling

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                       Page 6
Not Reported in F.Supp.2d, 2001 WL 34048067 (W.D.Tenn.)
**(Cite as: 2001 WL 34048067 (W.D.Tenn.))**

on pending motions to remand in MDL litigation until after the JPMDL has transferred the case to the MDL panel. *See In re Ivy,* 901 F.2d 7 (2nd Cir.1990) (The MDL panel noted that the motion to remand could be decided by the transferee judge). In this situation, the Court should defer to the Eastern District of Louisiana to determine whether this case should be joined with other MDL cases.

E. *Sanctions*

Plaintiffs assert that Defendants have wrongfully removed this case to federal court. Plaintiffs also state that no circumstances have changed which would increase the individual claims of the class members so that they would exceed $75,000. (Memo. in Support of Plas .' Motion to Remand and for Sanctions, at 3). Thus, Plaintiffs maintain that sanctions are appropriate although this Court notes that no authority is offered in support of their position.

Defendants contend that sanctions are not appropriate because Plaintiffs are seeking to litigate a products liability lawsuit. (Memo. in Support of Defs.' Response to Plaintiffs' Motion to Remand and for Sanctions, at 21). The fact that the Propulsid ® litigation has been certified as an MDL case provided a sufficient good faith basis for Defendants' action, such that sanctions are not warranted. Based on the foregoing arguments, this Court does not find reason to impose sanctions against Defendants. Thus, Plaintiffs' Motion for Sanctions is denied.

IV. Conclusion

The Court notes that because this case may join many others in the Eastern District of Louisiana, where the same jurisdictional issues are under consideration, the considerations of judicial efficiency and uniformity of result warrant a deferral of Plaintiffs' Motion to Remand to allow Judge Fallon in the Eastern District of Louisiana to determine whether this case should become an MDL case. Accordingly, Plaintiffs' Motion to Remand is provisionally denied and Plaintiffs' Motion for Sanctions is denied. However, if this case is not certified as an MDL case, the case will be remanded forthwith to the Circuit Court of Tennessee.

Not Reported in F.Supp.2d, 2001 WL 34048067 (W.D.Tenn.)

**Motions, Pleadings and Filings (Back to top)**

- 2:01CV02113  (Docket)
                                                          (Feb. 12, 2001)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.