# EXHIBIT G

Case 1:05-cv-00914-JJF    Document 21-26    Filed 01/12/2006    Page 2 of 4

Page 3
2005 U.S. Dist. LEXIS 2413, *

raised in other cases that have been or may be transferred to the MDL proceeding." Id. If both of these requirements are satisfied, the court should stay the action. Id. (citing *Meyers*, 143 F. Supp. 2d at 1048-49; [*9] *Bd. of Trs. of the Teachers' Ret. Sys. of Ill. v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 903 (N.D. Ill. 2002)). Otherwise, the court should entertain the motion to remand without waiting for a ruling from the MDL Panel. Id.

In the absence of guidance from the Ninth Circuit, the court concludes that the factors identified by *Conroy* and *Meyers* reflect a reasonable, common-sense approach to determining whether to enter a stay in the instant action. Here, however, logic dictates that the court should first look for any similarities between the issues raised by plaintiff's motion to remand and those arising in other Vioxx-related actions. Upon consideration of this factor, it becomes apparent that this court is the appropriate forum for the adjudication of plaintiff's motion. In moving to remand, plaintiff's sole argument relies on the complaint's failure to satisfy the amount-in-controversy requirement of *28 U.S.C. § 1332*. That inquiry focuses on the nature of the loss suffered by the individual plaintiff in this action and whether California law entitles her to recover damages exceeding the jurisdictional amount. Nothing about these issues involves a question of [*10] law or fact that one would expect to arise in other Vioxx-related cases. Accordingly, the court sees no advantage in burdening an as-yet-to-be identified transferee court with the task of ruling on plaintiff's remand motion. Defendant's motion to stay is therefore denied.

II. Plaintiff's Motion to Remand

The court now turns to the merits of plaintiff's motion to remand. As noted above, the only issue raised by this motion is whether the damages alleged in plaintiff's complaint exceed the amount required to establish diversity jurisdiction. Under *28 U.S.C. § 1332*, a district court may exercise jurisdiction over a diversity action only if "the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs." *28 U.S.C. § 1332(a)*; see also *28 U.S.C. § 1441(a)-(b)*. This "amount-in-controversy" requirement is generally satisfied if the damages alleged in a plaintiff's state court complaint are greater than the jurisdictional minimum. *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). However, if the plaintiff's allegations do not conclusively [*11] demonstrate that the sum or value of his or her claims exceeds $ 75,000, the removing party must demonstrate by a preponderance of the evidence that the amount-in-controversy requirement has been met. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). In a class action, the court must review the sum or value of the claims asserted by each of the named plaintiffs and determine whether each plaintiff individually alleges damages that exceed $ 75,000. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 940-41 (9th Cir. 2001), cert. denied, *DaimlerChrysler Corp. v. Gibson*, 534 U.S. 1104, 151 L. Ed. 2d 872, 122 S. Ct. 903 (2002). The damages that might be available to other members of the putative class need not be considered. Id.

In the instant action, plaintiff's state court complaint seeks damages, restitution, attorneys' fees, and other costs of suit. Pl.'s Compl. at 8 (Prayer for Relief). However, the court need not go any further than plaintiff's request for damages to conclude that the allegations in her complaint satisfy the amount-in-controversy requirement. The complaint plainly states that "[t]aking VIOXX caused Mrs. Strong to go blind in one eye, [*12] secondary to a thrombotic event," id. P 1, and seeks "an order awarding damages to Plaintiff and Class Members for all damages caused by purchasing VIOXX," id. at 8. Thus, from the face of the complaint, it is apparent that plaintiff's claims arise from a serious personal injury that, if proven, would entitle her to damages in excess of $ 75,000.

Although one might think that the complaint's unambiguous prayer for damages would end all dispute as to the amount in controversy, plaintiff nevertheless seeks to avoid the clear implication of her own pleadings by asserting that she intended to limit her recovery to "economic damages" caused by her purchase of Vioxx. Strong Decl. P 2; Mills Decl. P 2. In support of this assertion, plaintiff submits her own declaration and the declaration of her attorney, both of which disavow any intent to seek recovery for personal injuries. Id. However, in determining whether remand is appropriate, the amount in controversy must be "determined from the pleadings as they exist at the time a petition for removal is filed." *Eagle v. American Tel. & Tel. Co.*, 769 F.2d 541, 545 (9th Cir. 1985) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 83 L. Ed. 334, 59 S. Ct. 347 (1939); [*13] *St. Paul Mercury Indem.*, 303 U.S. at 292), cert. denied, 475 U.S. 1084, 89 L. Ed. 2d 721, 106 S. Ct. 1465 (1986). After an action has been removed, a plaintiff cannot defeat the court's jurisdiction by voluntarily reducing his or her claim below the jurisdictional amount. *St. Paul Mercury Indem.*, 303 U.S. at 292. Thus, plaintiff's disavowal of any intent to seek recovery for personal injury is irrelevant to the matter before the court.

What is significant, however, are the causes of action alleged in the complaint and the remedies available upon proof of plaintiff's claims. While plaintiff correctly observes that monetary relief under California's unfair business practices and false advertising statutes is limited to restitution, *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144, 131 Cal. Rptr. 2d 29, 63 P.3d 937 (2003); *Chern v. Bank of Am.*, 15 Cal. 3d 866,

Case 1:05-cv-00914-JJF    Document 21-26    Filed 01/12/2006    Page 3 of 4

Page 4
2005 U.S. Dist. LEXIS 2413, *

*875, 127 Cal. Rptr. 110, 544 P.2d 1310 (1976)*, her complaint also includes causes of action for breach of the implied warranties of merchantability and fitness for a particular purpose. Pl.'s Compl. PP 33-41. If plaintiff prevails on either of these claims, she is entitled to recover consequential damages resulting from the breach [*14] of warranty, which include compensation for any "[i]njury to person or property proximately resulting from any breach of warranty." *Cal. Comm. Code § § 2714-2715*. Despite plaintiff's belated assertion to the contrary, nothing in the complaint disclaims any intention to seek such consequential damages, including damages for personal injury. n1

n1 The court also notes that at the hearing held on this motion, plaintiff's counsel indicated that they believed their client's "personal injury" claim to be time barred. The court presumes that counsel were referring to California's one-year statute of limitations for negligence claims that was in effect at the time that plaintiff's thrombotic event occurred. See *Cal. Civ. Pro. § 335.1* (2001), amended by S.B. 688 (2002). However, in spite of counsel's apparent certainty in their conclusion, it is far from clear that the alleged cause of plaintiff's injury could have reasonably been discovered on a date outside the limitations period, as would be required for defendant to prevail on a statute of limitations defense under California law. See, e.g., *Norgart v. Upjohn Co., 21 Cal. 4th 383, 397, 87 Cal. Rptr. 2d 453, 981 P.2d 79 (1999)*. While it is unclear why plaintiff's counsel declined to pursue a negligence claim under such a "delayed discovery" theory, it is possible that they considered the availability of consequential damages upon proof of breach of warranty to be an adequate alternative to a negligence cause of action. It is nevertheless telling that when confronted with the possibility that the allegations in the complaint would, if proven, entitle their client to recover damages greatly exceeding the $75,000 jurisdictional amount, the sole rationale that counsel could identify for including the breach of warranty claims in the complaint was the availability of attorneys' fees under the pertinent California statutes. In any event, the fact remains that the allegations in the complaint clearly support a claim for personal injury damages, regardless of whether the negligence (or products liability) claim is pleaded and regardless of counsel's intent in asserting the breach of warranty causes of action.

[*15]
It is true that in her prayer for relief, plaintiff alleges that her injuries were caused by "purchasing Vioxx" rather than by ingesting the drug. Pl.'s Compl. at 8. Plaintiff argues that this choice of phrase evinces an intent to limit her claim to "economic" damages, a term that she appears to use interchangeably with restitution. However, this distinction is a bit too facile. Indeed, it is hornbook law that the proximate (or legal) cause of an injury is "that cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produced the injury . . . and without which such result would not have occurred." *Walt Rankin & Assoc., Inc. v. City of Murrieta, 84 Cal. App. 4th 605, 626, 101 Cal. Rptr. 2d 48 (2000)* (quoting *State v. Superior Court, 150 Cal. App. 3d 848, 857, 197 Cal. Rptr. 914 (1984))*. Because defendant's sale of Vioxx naturally led plaintiff to ingest the drug and, thus, suffer a "thrombotic event" resulting in the loss of sight in one eye as alleged in the complaint, there can be no serious dispute that "purchasing" Vioxx is alleged to be the proximate cause of plaintiff's injury. Plaintiff's argument to the contrary is little more than an attempt to [*16] substitute semantic games for sound legal reasoning that need not be seriously considered by the court.

In summary, plaintiff alleges that she suffered a serious physical injury that was proximately caused by her purchase of Vioxx and asserts a cause of action that entitles her to recover damages to compensate her for that injury. Assuming the facts alleged in the complaint to be true, these damages undoubtedly exceed $75,000. Furthermore, nothing in the complaint disclaims plaintiff's right to seek such damages. The court therefore concludes that defendant has met its burden of establishing that the amount-in-controversy requirement is satisfied and denies plaintiff's motion to remand.

III. Stay of Further Proceedings

Having concluded that plaintiff's motion to remand must be denied, this court continues to have jurisdiction over these proceedings. However, the court's ruling on plaintiff's motion does not affect the pendency of defendant's motion to transfer. As noted above, this court has inherent power to stay proceedings "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis, 299 U.S. at 254.* [*17] Because further pretrial proceedings in this court would likely be duplicative of any coordinated proceedings that the MDL Panel may deem appropriate, the court finds that the interest of judicial economy favors staying this action pending the MDL Panel's ruling on defendant's motion to transfer. The stay shall take effect upon entry of the court's order denying plaintiff's motion to remand.

CONCLUSION

For the reasons stated above, defendant's motion to stay and plaintiff's motion to remand are DENIED. Upon entry of this order, further proceedings in this action shall be STAYED pending the MDL Panel's ruling on defendant's motion to transfer this action pursuant to *28 U.S.C. § 1407.*

IT IS SO ORDERED.

Dated: February 17, 2005

MARILYN HALL PATEL

District Judge

United States District Court

Northern District of California