FILED BY ____ D.C.

2005 OCT -5  PM 3:45

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

RECEIVED
JAN 1 2 2006

05-914

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

COREY WILES, individually and on behalf of himself and all persons similarly situated,

    Plaintiff,

v.

INTEL CORPORATION, a Delaware corporation,

    Defendant.

No. 05-2605 JDB

(State Civil Action No. CT 3801-05 Div. IV)

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND; PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY**

**COMES NOW** the Plaintiff Corey Wiles ("Plaintiff"), individually and on behalf of himself and all persons similarly situated, and submits this Reply to Defendant's Opposition to Plaintiff's Motion to Remand and Plaintiff's Opposition to Defendant's Motion to Stay.

**I.    INTRODUCTION**

This action belongs in Tennessee state court and, therefore, it should be remanded and should not be stayed along with the cases filed in Federal court. This is not a federal antitrust action. This is a Tennessee action filed under Tennessee state law to protect Tennessee consumers. Defendants' desire to change or disprove (through pure speculation) what Plaintiff pled does nothing to change that fact.



## II. DISCUSSION

Defendant must show that it is "more likely than not" that the amount in question meets the jurisdictional amount. Lewis v. Exxon Mobile Corp., 348 F. Supp. 2d 932, 934 (W.D. Tenn. 2004). Though they claim that these and other cases and burdens are simply erased by from the books by the Class Action Fairness Act (CAFA), there is no such provision anywhere in the CAFA.

### A. Even Post CAFA, Defendant Bears the Burden of Proof in Opposing Remand

Congress intended to place within the jurisdiction of the Federal Courts, certain cases where the amount in controversy exceeds $5,000,000. The text of the Act clearly expresses that intent. If Congress (not a particular member or committee in a particular branch of Congress) had, as Defendant contends, intended to change the burden of proof applied in determining whether a jurisdictional amount had been met (and the years of case law explaining application of that burden), they would have said so in the Act. They did not.[1]

Defendants boldly claim that "Post-CAFA cases are in accord on this point." Opposition, at 5. This is flat-out wrong. In fact there are several cases directly holding that, even post CAFA, the burden remains on the party opposing remand. *Schwartz v. Comcast Corp.*, 2005 U.S. Dist. LEXIS 15396 (D. Pa. 2005) at *19 ("However, I note that a removing defendant bears the burden of establishing federal court jurisdiction and that all doubts must be resolved in favor

---

[1] In fact, Congress did expressly change the existing case law that it determined was inconsistent with CAFA's intent. For instance, CAFA "abrogates the rule against aggregating claims, a rule this Court recognized in *Ben-Hur* and reaffirmed in *Zahn*." *Exxon Mobil Corp. v. Allapattah Servs.*, 125 S. Ct. 2611, 2627-2628 (U.S. 2005) (internal citations removed). Plainly, this demonstrates that Congress was well aware of existing case law regarding jurisdictional issues, and the import it may have on the provisions of CAFA. Given this it is not reasonable to suggest that Congress first considered, and then passed a provision specifying a $5,000,000 trigger for federal jurisdiction without being fully cognizant of well-established case law regarding the standards courts use when reviewing allegations of the amount in controversy.

of remand. This rule has not been altered by CAFA"); *Brill v. Countrywide Home Loans, Inc.*, 2005 U.S. Dist. LEXIS 19664 (D. Ill. 2005) ("The party seeking to preserve the removal, not the party moving to remand, bears the burden of establishing that the court has jurisdiction."); *In re Expedia Hotel Taxes and Fees Litig.*, 2005 U.S. Dist. LEXIS 15372, No. 05-0365(W.D. Wash. Apr. 15, 2005); *Sneddon v. Hotwire, Inc.*, 2005 U.S. Dist. LEXIS 13257(N.D. Cal. Jun. 29, 2005).

In fact, the very cases and "legislative intent" arguments expressed by Defendants in this case were explicitly rejected in a well reasoned opinion in *Schwartz v. Comcast Corp.*, 2005 U.S. Dist. LEXIS 15396 (D. Pa. 2005). The Schwartz court directly rejected the holding of *Berry v American Express Publishing*, one of the cases Defendant cites, and the legislative history citations behind them and held that "Resort to legislative history is only justified where the face of the Act is inescapably ambiguous." *Schwartz v. Comcast Corp.*, 2005 U.S. Dist. LEXIS 15396 (D. Pa. 2005) at *20.

Similarly, Defendants seek to casually waive away the considerable case law establishing that Federal courts should strictly construe removal and jurisdictional statutes in favor of remand. Defendant Intel's Opposition to Plaintiff's Motion for Remand ("Opposition"), at 4. They cite no case law at all in support of this assertion; nor do they cite to the text of the law itself. Their only support at all is citation to a quotation from one Committee of one house of Congress. That is not enough to overrule precedent, particularly when there is post CAFA case law to the contrary. *Schwartz v. Comcast Corp.*, 2005 U.S. Dist. LEXIS 15396 (D. Pa. 2005) at *19 ("However, I note that a removing defendant bears the burden of establishing federal court jurisdiction and that **all doubts must be resolved in favor of remand**. This rule has not been altered by CAFA") (emphasis added).

**B.   Defendants Have Not Met Their Burden of Demonstrating By Competent Evidence That the Amount in Controversy Exceeds $5,000,000**

Defendants must demonstrate by competent evidence that jurisdiction exists. They have based their opposition instead on speculation and hearsay and documents which they have failed to ask the Court to take judicial notice. In short, this is not competent evidence nor even reliable analysis. In addition, defendant, albeit in a footnote, entirely undercuts its own argument, first claiming that "if Defendants were forced to estimate the value of Wiles claim…it is likely to exceed $5 million", and, in a footnote to the next sentence, claiming that they do not in fact believe any such thing. Opposition at 8, fn 6. Defendants beliefs and theories about the amount in controversy do not satisfy their burden. Plaintiffs proper pleading that the amount in controversy is less than $5,000,000 must therefore stand, and remand should be granted immediately.

**C.   Because Remand Should Be Granted Immediately, Defendants Motion to Stay Should Be Denied**

Defendant admits that this action was the only one filed in Tennessee state court. Opposition at 2. Defendant also confirms that this is the only action where the amount in controversy pled is less than $5,000,000. Id. at 7. These facts are a plain indication that this case is different from the other Federal cases Defendant seeks to use as a basis for staying this action. Defendants' Motion for Stay should be denied and the remand granted and this action should be allowed to proceed in Tennessee state court.

4

GLASSMAN, EDWARDS, WADE
& WYATT, P.C.

By: _____
B. J. Wade #5182
26 North Second Street
Memphis TN 38103
Telephone: 901.527.4673

OF COUNSEL:

William M. Audet
Michael A. McShane
Ryan M. Hagan
**ALEXANDER, HAWES & AUDET LLP**
152 North Third Street, Suite 600
San Jose CA 95112
Telephone: 408.289.1776
Fax: 408.287.1776

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been properly U.S. mail, postage pre-paid, this 5th day of October, 2005, upon the following:

Jef Feibelman, Esq.
Burch, Porter & Johnson
130 North Court Avenue
Memphis, TN 38103

Richard Ripley, Esq.
Bingham & McCutchen
1120 20th Street, N.W., Suite 800
Washington, D.C. 20036

_____
B. J. Wade

5