CHJBAn w/order

FILED BY
_cas_

OCT 1 8 2005

AFTER HOURS DEPOSITORY
Thomas M. Gould, Clerk
U. S. District Court
W. D. OF TN, Memphis

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

CORY WILES, individually and on behalf
of himself and all persons similarly situated,

    Plaintiff,

v.

INTEL CORPORATION, a Delaware
Corporation,

    Defendant.

No. 05-2605 B/An

05- 914

## DEFENDANT INTEL CORPORATION'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF ITS MOTION TO STAY PLAINTIFF'S REMAND MOTION, WITH INCORPORATED MEMORANDUM

Defendant Intel Corporation ("Intel") respectfully seeks leave of the Court to file a brief Reply in support of its motion to stay consideration of Plaintiff Corey Wiles' Motion to Remand. The grounds for this Request are as follows:

Plaintiff commenced this action on July 15, 2005 in Tennessee state court. On August 18, 2005, Intel timely removed the action to this Court pursuant to 28 U.S.C. § 1332. Upon removal, this action became one of 71 federal actions subject to a pending transfer and consolidation petition before the Judicial Panel of Multidistrict Litigation pursuant to 28 U.S.C. § 1407. On September 2, 2005, plaintiff moved to remand the case. On September 20, 2005, Intel asked this Court to stay consideration of that Motion pending the transfer of this action to the MDL court.

In its opposition papers[1] plaintiff urges that the Court should not impose a stay because his case is "different" that the other 53 MDL cases that assert identical Tennessee Antitrust Act claims on behalf of the same purported class of Tennessee residents. Intel's proposed reply brief demonstrates that this contention is meaningless. The operative question is whether plaintiff's remand motion implicates factual and legal issues that overlap with other actions that are part of MDL 1717. Intel's proposed reply brief refutes plaintiff's assertion in his opposition that this is not the case. Plaintiff's remand motion centers on the aggregate value of the claim that he asserts.[2] Intel presented objective evidence regarding the aggregate value of this claim, to which the plaintiff conclusorily objects without presenting any rebutting facts.[3] Intel submits that its proposed reply will aid the Court in its decision on this important question. A copy of the proposed reply is attached as Exhibit A.

---

[1]    Although titled an opposition to Intel's stay motion, only one paragraph addresses the stay motion; the remainder is a reply brief to plaintiff's remand motion for which Plaintiff did not seek or obtain leave to file.

[2]    The parties disagree on who bears the burden to demonstrate subject matter jurisdiction. Plaintiff cites the only case, *Schwartz v. Comcast Corp.*, 2005 WL 1799414 (E.D. Pa. July 28, 2005), that ignores the express intention of Congress on this point. Nearly every other reported decision on this point have held that CAFA shifted the burden to the party opposing removal. *See* Intel's Opp. at 6. *Accord Yeroushalmi v. Blockbuster Inc.*, 2005 WL 2083008, *3 (C.D. Cal., July 11, 2005); *Waitt v. Merck & Co.*, 2005 WL 1799740, *2 (W.D. Wash., July 27, 2005); *Berry v. American Express Publ'g*, 2005 WL 1941151, *4 (C.D. Cal., June 15, 2005); *Harvey v. Blockbuster, Inc.*, 384 F. Supp. 2d 749, 752 (D.N.J. 2005); *In re Textainer P'ship Secs. Litig.*, 2005 WL 1791559, *3 (N.D. Cal., July 27, 2005).

[3]    Plaintiff disparages Intel's estimated valuation as "speculation" and "hearsay." (D.I. 15 at 4). Intel, however, has presented objective facts from which the Court can estimate the aggregate value of the asserted claim based upon *plaintiff's* own factual allegations. This is proper under CAFA. *See, e.g., Senterfitt v. Suntrust Mortgage, Inc.*, 2005 WL 2100594, *4 (S.D. Ga. Aug. 31, 2005) (accepting defendant's estimate of the transactions for which plaintiff sought $15 statutory damages).

                    Respectfully submitted,

                    BURCH, PORTER & JOHNSON, PLLC

DATED: October 18, 2005

                    */s/ Mary Hale*

Jef Feibelman (#7677)
Mary Hale (#21878)
130 North Court Avenue
Memphis, TN 38103
Telephone: 901.524.5000
Facsimile: 901.524.5024
jfeibelman@bpjlaw.com

and

David M. Balabanian (CA# 37638)
Christopher B. Hockett (CA# 121539)
Joy K. Fuyuno (CA # 123890)
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: 415.393.2000
Facsimile: 415.393.2286

Richard A. Ripley (DC# 412959)
BINGHAM McCUTCHEN LLP
1120 20th Street, NW, Suite 800
Washington, DC 20036
Telephone: 202.778.6150
Facsimile: 202.778.6155

Attorneys for Defendant
INTEL CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via U.S. Mail, postage prepaid, B.J. Wade, Esq., Glassman, Edwards, Wade & Wyatt, P.C., 26 North Second Street, Memphis, Tennessee, 38103, on this 18th day of October 2005.

_____
Mary Hale