IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

CORY WILES, individually and on behalf
of himself and all persons similarly situated,

    Plaintiff,

v.      No. 05-2605 B/An

INTEL CORPORATION, a Delaware
Corporation,

    Defendant.

---

### DEFENDANT INTEL CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO STAY

---

Defendant Intel Corporation ("Intel") respectfully submits this reply in support of its motion to stay consideration of Plaintiff Corey Wiles' Motion to Remand pending transfer of this action to MDL 1717, *In re Intel Microprocessor Antitrust Litigation*. Plaintiff does not dispute that such a stay is the recognized general rule; further plaintiff's unsupported assertion that his case is 'different' from the other MDL cases does not alter the reality that his remand motion implicates factual and legal issues that overlap extensively with other actions that are part of MDL 1717. Thus, the MDL court should decide plaintiff's remand motion.

### ARGUMENT

#### NOTHING ABOUT THE PLAINTIFF'S CASE JUSTIFIES DEPARTING FROM THE GENERAL RULE TO STAY REMAND MOTIONS IN MDL ACTIONS

Plaintiff does not dispute the general rule in this District that remand motions should be resolved by the MDL court. *See e.g.*, *Jackson v. Johnson & Johnson, Inc.*, 2001 WL 34048067,

*3 (W.D. Tenn., Apr. 3, 2001); *Studard v. Merck & Co, Inc.*, 2005 WL 1700905, *2 (W.D. Tenn., July 19, 2005); *West v. Merck & Co., Inc.*, 2005 WL 1630034, *1-2 (W.D. Tenn. July 7, 2005). Nor does plaintiff contest that the transferee court will be fully competent to address plaintiff's remand arguments in due course. Rather, plaintiff's sole argument against a stay is that his case is somehow 'different' from the now more than 70 copy-cat class actions pending in federal court because it was the only one filed in Tennessee state court and the only one to allege that its amount in controversy is less than $5 million. (Docket Entry 15 ("Plaintiff's Reply") at 4).

These arguments are specious. The original forum for this action is immaterial to an assessment of whether a remand motion raises isolated issues the resolution of which would not affect any of the other MDL cases; rather, it is the type of claims he asserts. As Intel previously explained, at least 53 of the pending federal cases – including one filed in the Eastern District of Tennessee – assert identical Tennessee Antitrust Act ("TAA") claims on behalf of the same purported class of Tennessee residents. (Docket Entry 11 ("Intel Brief") at 2). Similarly, using the fact that plaintiff pleaded an amount in controversy less than $5 million to justify a departure from the general rule begs the question. As Intel established in its opening brief, under CAFA, plaintiff's naked assertion of a value below $5 million is insufficient.[1] (Docket Entry 9 ("Intel Opp.") at 6).

---

[1] Plaintiff's position regarding who bears the burden to demonstrate subject matter jurisdiction is wrong. (Plaintiff's Reply at 3). Plaintiff cites the only case, *Schwartz v. Comcast Corp.*, 2005 WL 1799414 (E.D. Pa., July 28, 2005), that ignored the express intention of Congress on this point. Nearly every other reported decision on this point has held that CAFA shifted the burden to the party opposing removal. (*See* Intel Opp. at 6). *Accord Yeroushalmi v. Blockbuster Inc.*, 2005 WL 2083008, *3 (C.D. Cal., July 11, 2005); *Waitt v. Merck & Co.*, 2005 WL 1799740, *2 (W.D. Wash., July 27, 2005); *Berry v. American Express Publ'g*, 2005 WL 1941151, *4 (C.D. Cal., June 15, 2005); *Harvey v. Blockbuster, Inc.*, 384 F. Supp. 2d 749, 752 (D.N.J. 2005); *In re Textainer P'ship Secs. Litig.*, 2005 WL 1791559, *3 (N.D. Cal., July 27, 2005).

Intel presented objective evidence regarding the aggregate value of this particular claim, to which the plaintiff conclusorily objects without rebutting facts.[2] Plaintiff, however, does not contest that resolution of this dispute will affect the 53 Related Actions that assert these same TAA claims. Consequently, this question is best handled by the MDL court.

## CONCLUSION

For the foregoing reasons, as well as those presented in Intel's opening papers, this Court should stay plaintiff's remand motion pending transfer of this action to the MDL court.

Respectfully submitted,

BURCH, PORTER & JOHNSON, PLLC

DATED: October 18, 2005

*/s/ Mary Hale*

Jef Feibelman (#7677)
Mary Hale (#21878)
130 North Court Avenue
Memphis, TN 38103
Telephone: 901.524.5000
Facsimile: 901.524.5024
jfeibelman@bpjlaw.com

and

David M. Balabanian (CA# 37638)
Christopher B. Hockett (CA# 121539)
Joy K. Fuyuno (CA # 123890)
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, CA 94111-4067

---

[2] Plaintiff disparages Intel's estimate as "speculation" and "hearsay." (Plaintiff's Reply at 4). Intel, however, has presented objective facts from which the Court can estimate the aggregate value of the asserted claim based upon *plaintiff's* own factual allegations. This is proper under CAFA. *See, e.g., Senterfitt v. Suntrust Mortgage, Inc.*, 2005 WL 2100594, *4 (S.D. Ga. Aug. 31, 2005) (accepting defendant's estimate of the transactions for which plaintiff sought $15 statutory damages).

Richard A. Ripley (DC# 412959)
BINGHAM McCUTCHEN LLP
1120 20th Street, NW, Suite 800
Washington, DC 20036

Attorneys for Defendant
INTEL CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via U.S. Mail, postage prepaid, B.J. Wade, Esq., Glassman, Edwards, Wade & Wyatt, P.C., 26 North Second Street, Memphis, Tennessee, 38103, on this 18th day of October 2005.

_____
Mary Hale

SF/21640467.1                                4