CH7BAn

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _CAS_ D.C.

2005 SEP -6 PM 4: 04

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

---

**CORY WILES, individually and on behalf of himself and all persons similarly situated,**

    Plaintiff,

v.                                                                                   No. 05-2605 B/An

**INTEL CORPORATION, a Delaware Corporation,**

    Defendant.

RECEIVED JAN 12 2006 U.S. DISTRICT COURT DISTRICT OF DELAWARE

05- 914

---

## MEMORANDUM IN SUPPORT OF UNCONTESTED MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING

Pursuant to Federal Rule of Civil Procedure 6(b) and Civil Local Rule 7-2, Defendant Intel Corporation ("Intel") hereby moves the Court for an order extending Intel's response to Plaintiff's Amended Complaint to (1) the earlier of 60 days after transfer of the above captioned case pursuant to any motion to coordinate or consolidate pre-trial proceedings per 28 U.S.C. Section 1407 or such time for response that the transferee Court may require for any action made part of the same MDL; or (2) 45 days after any Court order that removes the Plaintiff's action from MDL treatment. Plaintiff does not oppose this motion. *See* Certificate of Compliance filed concurrently. In support of this motion, Defendant states:

1.    This case was initially filed on July 15, 2005, in the Thirteenth Judicial District Court of the State of Tennessee in and for Shelby County, entitled *Cory Wiles, individually and on behalf of himself and all persons similarly situated, Plaintiff, vs. Intel Corporation, a Delaware Corporation, Defendant*, as Civil Case No. CT 3801-05. On August 18, 2005, Intel



timely removed the action to this Court pursuant to 28 U.S.C. § 1332. That same day, Plaintiff filed and a First Amended Complaint ("FAC"). Intel's response date to the FAC is September 7, 2005.

2. This case is one of 72 purported antitrust class action lawsuits filed in the last 7 weeks against Intel alleging essentially identical facts and claims. *See* Attached Exhibit A, List of Related Actions.[1] Sixty-seven (67) of these actions are subject to a pending petition to coordinate or consolidate pre-trial proceedings per 28 U.S.C. Section 1407 (the MDL Petition). This action has been identified as a related action in connection with the MDL Petition, and Intel has notified the Clerk of the Panel of this related case. *See* Attached Exhibit B. Intel filed a response to this petition in support of coordination on August 1, 2005. This Petition has been fully briefed and the Judicial Panel for Multidistrict Litigation ("JPML") will hear arguments on the petition on September 29, 2005, in Ashville, North Carolina.

3. The outcome of the MDL petition will have a significant impact on the schedule of this case and the many others that allege the same facts. For many of the actions that will be part of the MDL, including this action, the JPML decision will involve a transfer to another forum. As an initial step to bringing some structure to this welter of lawsuits, Intel has worked over the past seven weeks to establish a uniform response date to the federal class actions. The response date requested here, which links Intel's response to the JPML's decision, accomplishes that. To date, 61 of the 68 MDL cases have sought and received extensions of time identical to the one requested here.[2] A similar extension for the Plaintiff's FAC is particularly appropriate

---

[1] Many of these complaints also purport to represent a Tennessee consumers and allege violations of Tennessee laws.

[2] Forty-six of these extensions required, and received, approval from the court. In the cases without an extension in place, either service has not been made or an extension identical to the one requested here has been or will be requested.

because the Plaintiff's putative class (Tennessee consumers) and claim (Tennessee Antitrust Act) are the subject of at least 34 actions where the extension of time has been entered.

4. Intel has not sought an extension to a date certain because such an extension is not practical. Although the Parties subject to the MDL Petition are confident that the JPML will decide the Petition expeditiously, the Parties are unable to predict the precise date that the JPML will rule. These circumstances make an extension to a date certain could expire before the JPML ruling, thus nullifying the efficiency and uniformity that the extension contemplates.

5. Finally, because this litigation has just begun, granting the requested extension will not have any negative impact on the schedule of this case. No discovery or motions have been filed in this case and this is the first extension requested.

For all these reasons, Intel respectfully requests that the Court grant this motion to extend time to respond to the First Amended Complaint.

Respectfully submitted,

BURCH, PORTER & JOHNSON,
A Professional Limited Liability Company

Jef Feibelman (#7677)
Mary Hale (#21878)
130 North Court Avenue
Memphis, TN 38103
Telephone: 901.524.5000
Facsimile: 901.524.5024
jfeibelman@bpjlaw.com

and

David M. Balabanian (CA# 37638)
Christopher B. Hockett (CA# 121539)
Joy K. Fuyuno (CA # 123890)
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: 415.393.2000
Facsimile: 415.393.2286

Richard A. Ripley (DC# 412959)
BINGHAM McCUTCHEN LLP
1120 20th Street, NW, Suite 800
Washington, DC 20036
Telephone: 202.778.6150
Facsimile: 202.778.6155

Attorneys for Defendant
INTEL CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via U.S. Mail, postage prepaid, B.J. Wade, Esq., Glassman, Edwards, Wade & Wyatt, P.C., 26 North Second Street, Memphis, Tennessee, 38103, on this 6th day of September, 2005.

_____
Jef Feibelman