FILED BY cas

SEP 2 0 2005

AFTER HOURS DEPOSITORY
Thomas M. Gould, Clerk
U. S. District Court
W. D. OF TN, Memphis

RECEIVED
JAN 1 2 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

05- 914

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**CORY WILES, individually and on behalf of himself and all persons similarly situated,**

 **Plaintiff,**

v.

**INTEL CORPORATION, a Delaware Corporation,**

 **Defendant.**

No. 05-2605 JDB

---

**DEFENDANT INTEL'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**

---

Defendant Intel Corporation ("Intel") respectfully submits its opposition to Plaintiff Corey Wiles' ("Wiles") motion to remand to state court an action that asserts the identical claim on behalf of the identical alleged class of Tennessee consumers that over 50 pending federal actions also assert against Intel.[1]  As demonstrated below, Wiles' argument disputing this Court's jurisdiction relies on authorities and legal principles that pre-date the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and that no longer apply.  Congress expressly intended CAFA to expand significantly the jurisdiction of federal courts over interstate class action complaints like this one.  Consistent with that expansion, CAFA imposes new specific factual burdens that a named plaintiff in a putative class action must meet to defeat federal jurisdiction.  Wiles' artful pleading regarding the amount in controversy – an obvious effort to

---

[1] Intel has filed contemporaneously with this Opposition a Motion to Stay Decision of the Remand Motion and to transfer the remand issue to the Court that the Judicial Panel on Multidistrict Litigation ("JPML") selects to serve as the MDL court.

avoid federal jurisdiction – fails to satisfy these burdens. Thus, this Court should deny Wiles' motion and permit this action to be consolidated with the dozens of other copycat federal antitrust actions against Intel as part of MDL 1717, *In re Intel Corp. Microprocessor Antitrust Litigation*.

## STATEMENT OF FACTS

Wiles commenced this action on July 15, 2005, in Tennessee state court. Wiles' complaint is one of 69 putative antitrust class actions recently filed against Intel ("Related Actions") pending in multiple federal courts. Sixty-eight of these cases were originally filed in federal court; Wiles' complaint is the only one of them originally filed in a state court. All of the cases were filed against Intel over the last two months and all of them allege essentially word for word identical facts and similar (federal and various state) antitrust claims. (*See* Declaration of Isabelle Hurtubise ("Hurtubise Decl."), filed concurrently, ¶ 3 and Exhibit A, List of Related Actions). Wiles' case, along with the 68 other Related Actions, are the subjects of a pending transfer and consolidation petition before the JPML pursuant to 28 U.S.C. § 1407.[2] (*Id.* ¶ 4). Wiles alleges, on behalf of every Tennessee citizen and entity that bought a computer or other device containing an Intel microprocessor in the past four years, that Intel violated the Tennessee Antitrust Act ("TAA"), Tenn. Code Ann. § 47-25-101, in a manner that (in some unspecified way) raised the price paid for every one of those devices. (First Amended Complaint ("FAC") ¶¶ 13, 134-138). At least 53 of the Related Actions also seek to assert TAA violations on behalf of the same purported class. (Hurtubise Decl. ¶ 4). Although Wiles asserts in his complaint that his was the first such claim brought on behalf of a purported class of Tennessee consumers (FAC ¶ 9), in fact twenty-three of the Related Actions asserted these identical claims before he did.

---

[2] The JPML will hear argument on this petition on September 29, 2005.

(Hurtubise Decl. ¶ 4).

On August 18, 2005, Intel timely removed the action to this Court pursuant to 28 U.S.C. § 1332. That same day, Plaintiff filed a First Amended Complaint ("FAC"). The FAC differs from the original complaint in that the FAC: (1) omits in its prayer for relief an express request for attorneys' fees (although it still seeks "such other and further relief that the Court deems just and proper under the circumstances" (FAC at p. 51)); (2) deletes the Tennessee Consumer Protection Act claim that was alleged in the original complaint; and (3) adds the allegation that "[a]s of the date of this filing of this First Amended Class Action Complaint, the amount in controversy in this action does not exceed $5,000,000, exclusive of interest and costs" (*Id.* ¶ 12).

## ARGUMENT AND AUTHORITIES

### THIS COURT HAS ORIGINAL JURISDICTION OVER THIS ACTION UNDER THE CLASS ACTION FAIRNESS ACT

In 2005, Congress enacted the Class Action Fairness Act. Congress explained that the Act was "intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in federal court ...." S. REP. NO. 109-14, at *43 (2005). CAFA vests this Court with original jurisdiction over purported class actions where (i) the class population exceeds 100 members; (ii) diversity exists between at least one putative class member and one defendant, and (iii) the aggregated alleged claims have a value in excess of $5,000,000, including aggregated attorney's fees but exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B).

Wiles challenges only one of these prerequisites in his remand motion: the value of the claim that he asserts on behalf of Tennessee computer purchasers. (Plaintiff's Motion to Remand ("Motion") at 5-6). However, Wiles' position ignores both CAFA's plain language and

Congress' intent in enacting it. Specifically, Wiles mistakenly: (1) claims that there exists a presumption, post-CAFA, favoring remand of interstate class actions (Motion at 4-6); (2) asserts that Intel has the burden of proof on the amount in controversy requirement (*id.* at 6-7); and (3) claims that his equivocal and conclusory allegation regarding the amount in controversy controls this issue for purposes of remand (*id.* at 5-6). As demonstrated below, none of those propositions is correct under CAFA.

Federal courts have unchallenged jurisdiction over the dozens of other cases against Intel alleging the same claims on behalf of the same purported class of Tennessee consumers. Wiles' case is no exception.

### A. CAFA Was Intended to Expand This Court's Jurisdiction Over Class Actions.

Wiles incorrectly states that "[c]ourts strictly construe the removal and jurisdictional statutes in favor of remand." (Motion at 4). That is exactly backwards of the law after CAFA, in particular with respect to the amount in controversy element. Congress explained that "[when] a federal court is uncertain about whether 'all matters in controversy' in a purported interstate class action 'do not in the aggregate exceed the sum or value of $5,000,000,' <u>the court should err in favor of exercising jurisdiction over the case.</u>" S. REP. NO. 109-14, at *42 (emphasis added).

This expansive interpretation of the diversity jurisdiction statute lies at the very heart of Congressional intent behind CAFA. As the Senate Judiciary Committee stated:

> "[CAFA] corrects a flaw… that prevents most interstate class actions from being adjudicated in federal courts. One of the primary historical reasons for diversity jurisdiction 'is the reassurance of fairness and competence that a federal court can supply to an out-of-state defendant facing suit in state court.' <u>Because interstate class actions typically involve more people, more money, and more interstate commerce ramifications than any other type of lawsuit, the Committee firmly believes that such cases properly belong in federal court.</u>"

\* \* \*

> "Thus, [CAFA] makes it harder for plaintiffs' counsel to 'game the system' by trying to defeat diversity jurisdiction, creates efficiencies in the judicial system by allowing overlapping and 'copycat' cases to be consolidated in a single federal court, places the determination of more interstate class action lawsuits in the proper forum - the federal courts."

S. REP. NO. 109-14 at \*5 (emphasis added). Accordingly, the pre-CAFA cases that Wiles cites to support his argument that jurisdiction over this action should be strictly construed do not apply.[3]

### B. Under CAFA The Plaintiff Bears The Burden Of Demonstrating That Jurisdiction Does Not Exist.

Wiles also mistakenly claims that Intel "faces a heavy burden" of establishing this Court's jurisdiction. (Motion at 4). Under CAFA, it is the <u>plaintiff</u> who has the burden of demonstrating that the matter in controversy does not exceed an aggregate value of $5 million when moving for remand. S. REP. NO. 109-14, at \*44 ("if a plaintiff seeks to have a purported class action remanded for lack of federal diversity jurisdiction under subsection 1332(d)(5)(B) ('limited scope' class actions), that plaintiff should have the burden of demonstrating that 'all matters in controversy' do not 'in the aggregate exceed the sum or value of $5,000,000, exclusive of interest and costs'"). Post-CAFA cases are in accord on this point. *See, e.g., Yeroushalmi v. Blockbuster Inc*, 2005 WL 2083008, \*3 (C.D. Cal. July 11, 2005 (attached as Exhibit 1); *Waitt v. Merck & Co., Inc.*, 2005 WL 1799740, \*2 (W.D. Wash. July 27, 2005) (attached as Exhibit 2); *Berry v. American Express Publishing*, 2005 WL 1941151, \*4 (C.D. Cal. June 15, 2005) (attached as Exhibit 3). The pre-CAFA cases on which Wiles relies to argue that Intel bears the burden do not apply.

---

[3] Wiles in any event misstates this Circuit's standard even in non-class action diversity actions. *Gafford v. General Elec. Co.*, 997 F.2d 150 (6th Cir. 1993). *Gafford* expressly rejected the "legal certainty" standard that Wiles espouses (*see* Motion at 4). *Gafford*, 997 F.2d at 160.

### C. Wiles Has Failed to Meet His Burden Under CAFA.

Wiles fails to demonstrate that "all matters in controversy" raised by his complaint will not exceed an aggregate value of $5 million. Wiles' only "proof" on this point is his bare assertion, added to the First Amended Complaint, that "[a]s of the date of this filing of this First Amended Class Action Complaint, the amount in controversy in this action does not exceed $5,000,000, exclusive of interest and costs." (FAC ¶ 12). Wiles claims that his "good faith allegations of an amount in controversy of less than $5,000,000 controls [sic]." (Motion at 5-6). To the contrary, as shown below, Wiles' allegation does not "control," and clearly does not meet his heightened burden under CAFA.

In *Yeroushalmi v. Blockbuster, Inc.*, the court considered a class action removed pursuant to CAFA in which the plaintiff, like Wiles here, alleged that the aggregated damages for herself and the alleged class were less than $5 million. *Yeroushalmi*, 2005 WL 2083008, at *2. The Court observed that "[i]t is clear in the context of removal, even before CAFA, plaintiff's allegation simply does not control or end the amount in controversy analysis. Indeed CAFA was in part aimed at this very issue." *Id.* Whereas "courts previously placed the burden on the removing defendants to establish jurisdiction . . . . [i]t is clear that Congress intended to undo . . . these policies and rules." *Id.* at *3; *see also Waitt*, 2005 WL 1799740 at *2; *Berry*, 2005 WL 1941151 at *4. Therefore, simply asserting that the amount in controversy does not currently exceed $5 million cannot defeat federal jurisdiction over Wiles' complaint.

Moreover, by limiting his allegation to the value of the alleged class members' claims "[a]s of the date of this filing of this First Amended Class Action Complaint" (FAC ¶ 12), Wiles seems to reserve his chance later to seek more than $5 million. He opens the door further by

6

SF/21636436.1

praying for "such other and further relief that the Court deems just and proper under the circumstances." (FAC p. 51). That Wiles actually intends to seek more than $5 million is supported by the fact that not one of the other 52 actions filed against Intel in federal courts purporting to represent the same alleged class of Tennessee consumers on the same Tennessee state law claims limits its claims to $5 million or less.

Congress intended CAFA to prevent plaintiffs from "gaming the system" by trying to defeat federal court jurisdiction over large interstate class actions just like this one. And gaming the system is exactly what Wiles is trying to do. Even before CAFA, courts commonly considered evidence of a "reasonable likelihood" that a plaintiff would actually seek to recover more than the amount set forth in his prayer. Otherwise, it would "enable a plaintiff to claim in his or her complaint an amount lower that the federal amount in controversy requirement in an attempt to defeat federal jurisdiction while actually seeking and perhaps obtaining damages far in excess of federal requirements." *Gafford v. General Elec. Co.*, 997 F.2d 150, 157-58 (6th Cir. 1993); *see also* TENN. CIV. P. RULE 54.03 (entitling a judge or jury to award a plaintiff damages beyond what he pleads). After CAFA – under which the burden of establishing a sub-$5 million amount in controversy falls squarely on the plaintiff seeking remand – this concern is even greater. Accordingly, the Court should give no weight to Wiles' one-sentence allegation asserted expressly to avoid federal jurisdiction over a class action alleging claims that involve interstate, indeed international, commerce.[4]

---

[4] Once again, the pre-CAFA cases that Wiles cites for this argument do not apply. In most of the cases he cites, plaintiffs wanted to be in federal court, pleaded damages above the amount in controversy, and then faced a remand motion by defendants. *See e.g., McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Green v. H&R Block, Inc.*, 981 F. Supp. 951, 953 (D. Md. 1997); *Smith v. Paul Revere Life Insurance Co.*, 391 F. Supp. 310 (E.D. Tenn. 1974). Remand by a defendant is fundamentally different that remand by a plaintiff. *Gafford*, 997 F.2d at 157-58. The language that Wiles cites from *St. Paul Mercury Indem. Co. v. Red Cab*

On the merits of the issue, Wiles fails to present the Court with any "proof" beyond his bare – and hedged – allegation that the aggregate value of his claim is currently below $5 million. As noted above, that is insufficient as a matter of law under CAFA and should end the inquiry. Nevertheless, if defendants were forced to estimate the value of Wiles' claim, the available evidence suggests it is likely to exceed $5 million.[5] That analysis[6] is explained below.

Wiles purports to represent "all persons and entities within the state of Tennessee who from June 29, 2001, through the present, indirectly purchased a microprocessor from the Defendant." (FAC ¶ 13). Wiles thus seeks damages resulting from unspecified overcharges on every computer (and every other electronic device) with an Intel microprocessor sold in Tennessee over the past four years: "[a]s a direct and proximate result of Defendant's conduct as described herein, Plaintiff and the Class have paid more than they would have for microprocessors manufactured by the Defendant." (*Id.* ¶ 138).

Wiles also claims that his alleged class members "number in the thousands." (FAC ¶ 14).

---

*Co.*, 303 U.S. 283 (1938), is actually a footnote contrasting its case (plaintiff moving for remand) with the much higher standard a defendant seeking remand must show when the plaintiff wants federal court. *Id.* at 288. Other cases denied remand over plaintiff's objections. *Shaw v. Dow Brands*, 994 F.2d 364, 367-68 (7th Cir. 1993); *Mutual First, Inc. v. O'Charleys of Gulfport, Inc.*, 721 F. Supp. 281, 283 (S.D. Ala. 1989). The courts in *Basset v. Toyota Motor Credit Corp.*, 818 F. Supp. 1462 (S.D. Ala. 1993), and *Green v. H&R Block*, 981 F. Supp. 951 (D. Md. 1997), were concerned with defendant's attempt to aggregate class claims, something that is now statutorily permitted by CAFA (28 U.S.C. § 1332(d)(6)). *Basset*, 818 F. Supp. at 1468; *Green*, 981 F. Supp. at 953. In *Asociacion Nacional de Pescadores A Pequena Escala O Artesanales de Columbia v. Dow Quimica de Columbia S.A.*, 988 F.2d 559 (5th Cir. 1993), the court granted remand only after weighing each party's proof of amount in controversy - not on the basis of a lone allegation. *Id.* at 564.

[5] And because Wiles has not offered any evidence, the Court should "accept Defendant's uncontradicted data for the purpose of determining whether the amount in controversy requirement has been met." *Senterfitt v. SunTrust Mortgage, Inc.*, 2005 WL 2100594, *4 (S.D. Ga. Aug. 31, 2005) (denying remand under CAFA) (attached as Exhibit 4).

[6] Of course, Intel's discussion of the amount in controversy here concerns only Wiles' damages claims, and not any amounts to which he or any alleged class member would actually be entitled. In fact, Intel believes that consumers like Wiles actually benefited from the discounts, rebates and price competition he complains of in his complaint.

In fact, United States Census data indicates that in 2001, 1.93% of all households in the U.S. with one or more computers were located in Tennessee, or approximately 1,189,000 households.[7] (*See* Declaration of Richard Ripley ("Ripley Decl."), filed concurrently, ¶ 10). If one assumes that (1) Tennessee households purchased an equivalent pro rata 1.93% share of computers sold in the U.S. during the period covered by Wiles' complaint; and (2) that Wiles has correctly alleged that 80% of all computers sold in that time contain Intel x86 microprocessors (*see* FAC ¶ 29), then Wiles' claims would cover the sale of approximately 3,629,480 PCs containing Intel x86 microprocessors to Tennessee residents during the relevant time period. (*See* Ripley Decl. ¶¶ 3-10). Under the TAA, plaintiffs can claim "the full consideration or sum paid by the person for any goods, wares, merchandise, or articles, the sale of which is controlled by such combination or trust." TENN. CODE ANN. § 47-25-106. Accepting plaintiff's allegations as true for purposes of this motion, full consideration damages would presumably be claimed by him as the full sales price of either the allegedly overpriced PCs or microprocessors. (*See* FAC ¶¶ 6, 138). Establishing an amount in controversy below $5 million would thus require the implausible assertion that PCs, or the microprocessors that run them, cost less than $1.38 each. (*See* Ripley Decl. ¶ 11; FAC ¶ 15 ("the brain of every computer is a general purpose microprocessor. . . .")). Indeed, Wiles' own complaint gives an example in which the sales price of microprocessors is $100 each. (FAC ¶ 64).

Intel does not believe that Wiles, or any of the other scores of plaintiffs who originally brought their alleged class actions against Intel in federal court, will actually limit their claims to less than $1.37 per PC or microprocessor. Wiles' case belongs in federal court -- along with all

---

[7] This figure does not include businesses in Tennessee that own computers. (*See* Ripley Decl. at Ex. D).

of the other copycat antitrust actions raising the same claims he does. The Court should deny his remand motion.

## CONCLUSION

For the foregoing reasons, this Court should deny Wiles' motion to remand this action.

Respectfully submitted,

BURCH, PORTER & JOHNSON, PLLC

DATED: September 20, 2005

Jef Feibelman (#7677) / by Mary Hale
Jef Feibelman (#7677)
Mary Hale (#21878)
130 North Court Avenue
Memphis, TN 38103
Telephone: 901.524.5000
Facsimile: 901.524.5024
jfeibelman@bpjlaw.com

and

David M. Balabanian (CA# 37638)
Christopher B. Hockett (CA# 121539)
Joy K. Fuyuno (CA # 123890)
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: 415.393.2000
Facsimile: 415.393.2286

Richard A. Ripley (DC# 412959)
BINGHAM McCUTCHEN LLP
1120 20th Street, NW, Suite 800
Washington, DC 20036
Telephone: 202.778.6150
Facsimile: 202.778.6155

Attorneys for Defendant
INTEL CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via U.S. Mail, postage prepaid, B.J. Wade, Esq., Glassman, Edwards, Wade & Wyatt, P.C., 26 North Second Street, Memphis, Tennessee, 38103, on this 20th day of September 2005.

_____
Jef Feibelman